UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 23-cr-46 (CRC) |
| | : | |
| ALONZO WALLACE, | : | |
| | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.  **Summary of the Plea Agreement**

Defendant Alonzo Wallace agrees to admit guilt and enter a plea of guilty to Count 1 of the Indictment, charging him with Unlawful Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1); and Count 4 of the Indictment, charging him with Unlawful Possession of a Machinegun, in violation of 18 U.S.C. § 922(o).

In this case, the penalty for Count 1 is:

    (A)    a term of imprisonment of not more than 15 years' imprisonment;

    (B)    a fine not to exceed $250,000;

    (C)    a term of supervised release of not more than 3 years; and

    (D)    a special assessment of $100.

In this case, the penalty for Count 4 is:

    (A)    a term of imprisonment of not more than 10 years;

    (B)    a fine not to exceed $250,000;

    (C)    a term of supervised release of not more than 3 years; and

    (D)    a special assessment of $100.

II.  **Elements of the Offenses**

The essential elements of Unlawful Possession of Ammunition, each of which the

Government must prove beyond a reasonable doubt to sustain a conviction, are:

    (1)    That the defendant knowingly possessed ammunition;

    (2)    That the ammunition had been shipped and transported in interstate commerce;

    (3)    That, at the time the defendant possessed the ammunition, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

    (4)    That, at the time the defendant possessed the ammunition, the defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

The essential elements of Unlawful Possession of a Machinegun, each of which the Government must prove beyond a reasonable doubt to sustain a conviction, are:

    (1)    That the defendant knowingly possessed the machinegun described in the indictment – that is, a Glock 19 9mm handgun, bearing serial number BNZY131; and

    (2)    That the defendant had knowledge of the characteristics that made the weapon a machinegun.

The term "machinegun" refers to any weapon that shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

### III. Brief Statement of the Facts

The following statement of facts does not purport to include all of the Defendant's illegal conduct or the conduct of his co-conspirators or co-defendants. It also does not purport to be an inclusive recitation of everything that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or others. It is intended to represent sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea.

Had this case gone to trial, the government's evidence would have proved the following beyond a reasonable doubt:

1. On June 5, 2022, at approximately 7:48 p.m., the Defendant parked a vehicle that he had been driving by the playground at 5355 Clay Terrace, NE in Washington, D.C. The Defendant, his front passenger, and rear passenger exited the vehicle and remained at the nearby playground. Approximately fifteen minutes later, officers arrived at the location and requested that a K9, trained to detect the presence of firearms, perform a sweep of the vehicle that Defendant had just operated.

2. Upon its arrival, the K9 performed a sweep of the vehicle that Defendant had just parked, and positively alerted to the presence of firearms, whereupon officers opened and searched the vehicle.

3. Under the driver's seat that the defendant had occupied, officers found a privately manufactured firearm ("PMF") with a Glock 22 slide and a green frame that had no serial number. Inserted into the PMF was an extended magazine that contained 19 live rounds of .40 caliber ammunition.

4. DNA testing results showed that the DNA profile for the extended magazine inserted into the PMF included the defendant as a contributor.

5. On August 19, 2022, at approximately 2:26 p.m, an off-duty MPD officer observed the defendant in the 5600 block of Ayers Place, SE, with his hands around Victim-1's neck, forcing her against the rear of a BMW. The officer then observed the defendant strangle V-1 a second time near the front of the vehicle, with V-1 saying she could not breathe. The officer intervened and detained the defendant. The BMW was registered to the defendant, and the defendant further stated that the BMW was his.

6. Additional officers responded to the scene, whereupon an officer observed on the front passenger seat of the defendant's BMW a Glock 19 handgun bearing serial number BNZ7131. Affixed to the firearm was a converter switch, rendering the firearm a fully-automatic machinegun that, at the single pull of a trigger, was capable of expelling multiple shots without manual reloading.

7. The Defendant is included as a contributor to the DNA mixture from the Glock 19 (machinegun).

8. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the ammunition in this case would have traveled in interstate commerce prior to be recovered in the District of Columbia.

9. The Defendant was previously convicted in Prince George's County, Maryland of Second-Degree Assault in docket number MD-1083979, and was sentenced to three years' incarceration with two years, five months, and 23 days suspended, in addition to probation of 3.5 years. The Defendant knew that he had a prior conviction for a crime punishable by more than one year of imprisonment.

Respectfully Submitted

MATTHEW M. GRAVES
United States Attorney

By: /s/ Sitara Witanachchi
SITARA WITANACHCHI
WILL HART
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read every page of the Government's proffer of evidence relating to my guilty plea. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 7/27/23    *Alonzo Wallace*
                 Alonzo Wallace
                 Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page constituting the government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 7/27/23    *[signature]*
                 Steve Kiersh, Esq.
                 Attorney for Defendant